FRANK SKORE *et al.*, Plaintiffs-Appellees, *v.* LEWIS D. TER BUSH, Defendant-Appellant.

First District (3rd Division)   No. 76-125

Opinion filed September 7, 1977.

Louis M. March, of Chicago, for appellant.

John J. Turner, of Law Offices of Victor J. Cacciatore, of Chicago, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Lewis D. Ter Bush, appeals from the trial court's denial of his motion to vacate a default judgment entered in favor of plaintiffs on June 25, 1975. The default judgment in question ordered that all rights of the defendant to certain real estate were terminated and that plaintiffs were entitled to full ownership and control. The judgment further provided that defendant forfeited all right and title to the premises and to the earnest money of $56,000 which he had paid.

On July 26, 1974, plaintiffs brought the action for declaratory judgment and injunctive relief. The suit alleged that plaintiffs were the beneficial owners of an apartment complex in Hickory Hills, Illinois. Plaintiffs

entered into an agreement to sell their interest to defendant for $1,240,000. Defendant was to pay $30,000 and close the deal on May 1, 1973. Defendant paid $20,000, but did not complete the closing on May 1. A later closing date was set for November 1; defendant paid the additional $10,000 but failed to complete the closing on that date. On January 31, 1974, the parties signed another agreement permitting defendant to occupy the premises and to collect the rentals on condition that he apply the rent to the mortgage and other expenses. This agreement provided for a closing date of March 9, 1974. Defendant did not close the transaction on March 9, but paid plaintiffs an additional $26,000. The complaint further stated that on May 16, 1974, plaintiffs served a declaration of forfeiture on defendant. Without prejudice to the forfeiture provisions, plaintiffs then agreed to an extension of the closing date to June 7 if defendant paid another $30,000 to the plaintiffs. Defendant gave a check for $30,000, but the check was returned due to insufficient funds. The complaint further stated that defendant had failed to redeem the 1972 real estate taxes, and had failed to pay one of the mortgagees $6,000.

On July 31, 1974, the trial court issued a temporary restraining order restraining defendant from using any rentals for any purpose other than to pay outstanding mortgages. Defendant filed an answer, through the law firm of Sneider and Troy, which in pertinent part stated that the closing dates did not take place but through no fault of his. He agreed that he had paid plaintiffs $56,000 and that, pursuant to agreement, he entered possession of the premises. As to the final $30,000 payment, defendant closed the account when he heard plaintiffs were about to declare a forfeiture. Defendant denied that the notice of forfeiture served upon him was effective; claimed that plaintiffs changed the character of the agreement by accepting periodic payments from him and by placing defendant in possession; and he requested that plaintiff's complaint be dismissed. On August 28, 1974, the trial court allowed plaintiffs to assume all possession and control of the premises and to collect all rentals. This order was entered without prejudice to defendant's rights upon a final determination of the matter.

On December 16, 1974, it was represented to the court that the parties had entered into a settlement and the matter was continued to January 20 and then to January 22, 1975. On this later date, James Sneider was allowed to withdraw as counsel for defendant and the matter was continued until February 26, 1975, and marked as a final continuance. The settlement apparently had collapsed. The law firm of Burke and Weber filed its appearance for defendant and the cause was continued to March 26, 1975, and again to May 28, 1975, in order to complete discovery. On May 28, 1975, Burke and Weber withdrew its appearance for defendant and the order provided that the cause was continued to June 25, 1975,

with no further continuances to be allowed. On June 25, 1975, the aforementioned default judgment was entered in favor of plaintiffs.

On July 24, 1975, defendant appeared with attorney Stephen Passen from a law firm not identified in the record. Passen on behalf of the law firm sought to file an appearance for defendant and a motion to vacate the default judgment. The trial court would not permit the firm to file an appearance, but insisted that only Passen or some other individual member of the firm would be allowed to file an appearance and would not be able to withdraw as defendant's counsel under any circumstances. The court went on to state that defendant would not pay Passen a fee. Passen asked for one day to ascertain if his law firm would allow an individual member of the firm to file an appearance. During the colloquy, it was stated that defendant had come into court on June 26, the day after entry of the default judgment, due to an error in defendant's scheduling. Plaintiff's counsel objected to this statement and requested a hearing on the matter. However, the trial judge disregarded the request and indicated that if Passen or any other individual member of the firm would file an appearance for defendant; he would permit it. On the following day, Passen informed the court that his law firm had been ready to file its appearance but would not permit one of its individual members to do so. The trial court, without support from the record, stated that defendant had given one of his previous attorneys a worthless check for $4,000, and added that Passen's firm would not get a fee from defendant. Defendant protested, stating that he had cancelled checks showing fee payments to his counsel. After a further colloquy, the trial court permitted defendant *pro se* to make an oral motion to vacate the default judgment in order that the matter would remain within 30 days of entry of the judgment. The cause then was continued to August 15, 1975. On that date, defendant, accompanied by his present counsel, appeared. Since the trial judge was on vacation, the cause was continued to September 19, 1975. Defendant's counsel presented a motion to vacate the default judgment based on a recitation of the foregoing facts. The trial court denied defendant's motion.

■■■ The necessity of prompt appearance at all hearings in order to assure expeditious disposition of cases must be balanced by the demands of justice and fairness, a process which requires an analysis of the facts in each case. (*Busser v. Noble* (1956), 8 Ill. App. 2d 268, 131 N.E.2d 637.) The primary object in considering motions to vacate default judgments, made within 30 days, is that justice be done between the parties, and one party is not permitted to obtain and retain an unjust advantage. In that regard, courts are liberal in setting aside defaults within 30 days, when it appears justice will be promoted. (*Widicus v. Southwestern Electric Cooperative, Inc.* (1960), 26 Ill. App. 2d 102, 167 N.E.2d 799.) In *Widicus*

the court noted that the entry of a default is a drastic action, and that it should be condoned only as a last resort to give plaintiff his just demand.

■■ In view of all of the circumstances of the present case, we believe that the trial court erred in denying defendant's timely motion to vacate the default judgment. We recognize that plaintiffs had answered ready for trial each time the case was called. We also recognize that the matter had been delayed by the withdrawal of defendant's attorneys, and by their requests for continuances. We believe, however, that more crucial to the promotion of justice is the fact that defendant had paid to plaintiffs earnest money in the amount of $56,000, and that the default judgment resulted in the forfeiture of defendant's rights to the premises. Equally significant, the trial court indicated a willingness to vacate the default judgment on July 24, 1975, if defendant's contemplated new counsel had been willing to file a personal appearance and would promise to stay in the proceedings until their conclusion. It is our view that justice compels a vacatur of the default judgment and an early trial on the merits.

For the reasons stated, the order of the circuit court of Cook County denying defendant's motion to vacate the default judgment is reversed, and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Order reversed and cause remanded.

JIGANTI and McGILLICUDDY, JJ., concur.